## COMMONWEALTH *vs.* GEORGE THORNILEY.

A license granted under *St.* of U. S. of 1862, *c.* 119, does not authorize the sale of intoxicating liquors in this commonwealth, in violation of the statutes of this commonwealth.

INDICTMENT for being a common seller of intoxicating liquors.

At the trial in the superior court, before *Vose,* J., after the evidence for the Commonwealth was in, the defendant produced a license under the *St.* of U. S. of 1862, *c.* 119, authorizing him to carry on the business or occupation of wholesale dealer in liquors, at a place which was named, and during that portion of the time covered by the indictment in which sales were proved to have been made by him ; and he asked the court to rule that this license was a protection to him during the time covered by it; but the judge ruled otherwise. The defendant also requested the court to instruct the jury that Gen. Sts. *c.* 172, § 15, allow or purport to allow the jury in criminal trials the rightful power to determine, against the instructions of the court, questions of law involved in the issue; but the judge refused so to rule.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*W. Griswold,* for the defendant, cited Const. of U. S. art. 1, §§ 2, 8; art. 6; *St.* of U. S. of 1862, *c.* 119, §§ 57, 64; *Loughborough* v. *Blake,* 5 Wheat. 317; *Brown* v. *Maryland,* 12 Wheat. 419; *Commonwealth* v. *Kimball,* 24 Pick. 359.

*Foster,* A. G., for the Commonwealth, cited *St.* of U. S. of 1862, *c.* 119, § 67; *Commonwealth* v. *Markoe,* 17 Pick. 465; *Conway* v. *Taylor,* 1 Black, (U. S.) 603, 634; *Fanning* v. *Gregoire,* 16 How. (U. S.) 524; *License Cases,* 5 How. (U. S.) 504; *Commonwealth* v. *Kimball,* 24 Pick. 359; *Commonwealth* v. *Burding,* 12 Cush. 506; *Moore* v. *Illinois,* 14 How. (U. S.) 13.

BIGELOW, C. J. This court has repeatedly determined that the provisions of *St.* 1855, *c.* 215, §§ 15–17, which are precisely the same with those contained in Gen. Sts. *c.* 86, §§ 30, 31, under which the present indictment was found, are valid and

constitutional. *Commonwealth* v. *Clapp*, 5 Gray, 97. *Same* v, *Hitchings*, Ib. 482. *Same* v. *Pomeroy*, Ib. 486 *n*. Nor can there be any doubt that these enactments are within the limits of the due exercise of legislative authority by the state under the constitution of the United States, as recognized in the *License Cases*, so called, 5 How. (U. S.) 504. Indeed, in one of the cases there reported it was held that a law of the state of New Hampshire, the effect of which was to prohibit the sale without license of intoxicating liquor purchased by a citizen of that state in another state, and by him imported into New Hampshire, was not repugnant to the constitution of the United States. The provisions of our statute are carefully and studiously framed so as not to interfere with the trade in ardent spirits while the article remains a part of foreign commerce, and is in the hands of the importer for sale in the original cask or package in which it was brought into the country. Gen. Sts. *c.* 86, § 25. The great purpose of the statute is to regulate and restrain the internal traffic in ardent spirits by prohibiting it except when conducted by certain persons and for prescribed uses and purposes. The authority of the legislature to pass such laws is well expressed in the language of the chief justice, in 5 How 577 : " If any state deems the retail and internal traffic in ardent spirits injurious to its citizens and calculated to produce idleness, vice or debauchery, I see nothing in the constitution of the United States to prevent it from regulating and restraining the traffic, or from prohibiting it altogether, if it thinks proper."

But it is now contended by the defendant that he is authorized to sell intoxicating liquor contrary to the statute of this state, and is protected from prosecution for a violation of its provisions, because he has paid the sum of one hundred dollars to the collector of the revenue of the United States, and has received from him a license " to carry on the business or occupation of wholesale dealer in liquors," under the act of congress of July 1, 1862, entitled " an act to provide internal revenue to support the government and to pay interest on the public debt." *St.* of U. S. of 1862, *c.* 119, §§ 57–67. There might have been

Commonwealth *v.* Thorniley.

room for a plausible argument in support of this proposition, if congress had omitted to make any provision having reference to the laws of the several states regulating and restraining the sale of intoxicating liquors. But with a view to put an end to all doubt or controversy, and to prevent any interference with the operation of the laws of the different states, the following clause was inserted in the revenue act: " No license hereinbefore provided for, if granted, shall be construed to authorize the commencement or continuation of any trade, business, occupation, or employment therein mentioned, within any state or territory of the United States in which it is or shall be specially prohibited by the laws thereof, or in violation of the laws of any state or territory." We are at a loss to understand on what ground any authority or privilege to sell liquor contrary to the provisions of the statute of this state can be derived under the act of congress, so long as this clause remains in force. Certainly no suggestion was made by the counsel for the defendant which in any degree tended to explain the apparent absurdity of maintaining that a right is conferred or a protection afforded by an act which in express terms enacts that no such right or protection shall be derived under its provisions.

It cannot even be contended by the defendant that his license is of no use or value, or that he has paid an excise to the United States for the right of carrying on a trade which is absolutely prohibited by the laws of this state. He can carry on the trade of a dealer in intoxicating liquors within this state without being guilty of violating the law. By Gen. Sts. *c.* 86, § 12, a person may obtain authority to manufacture and sell spirituous and intoxicating liquor in certain quantities for exportation, or to be used in the arts or for mechanical or chemical purposes. But if there was no such provision, and the statute of the state contained an absolute prohibition of the internal traffic in intoxicating liquors, it would not change the result. We know of no power which congress has under the constitution of the United States to exercise a paramount authority over the states in matters of police regulation and municipal oversight and care, by which it can claim to legalize certain trades and occupations

Commonwealth *v.* Thorniley.

which the legislatures of the states have seen fit to prohibit or restrain. Certainly no such power is granted in express terms. Nor can it be implied as necessary or incidental to the exercise of any power which is expressly given. On the contrary, it has been determined in the cases cited that the states have the power to regulate, restrain or prohibit any traffic or occupation which they deem injurious to the public morals. Every right not granted to the United States is reserved to the states respectively. The right to levy taxes or impose excises does not carry with it the power to create or call into being the subjects on which the tax or excise is to be laid. Such an interpretation of the powers of the general government is not only without sanction of authority, but is inconsistent with any sound rule of exposition. It would fall but little short of an absurdity to hold that under an act to raise revenue congress has the power to deprive the states of their authority to regulate and restrain the exercise of trades or occupations which tend to produce immorality and crime, and to disturb the peace and good order of society. If such a disfranchisement of the states could be worked out by mere implication, in cases where it was not essential to the exercise of a power expressly granted by the constitution of the United States, there would be scarcely any power or authority left to the governments of the several states, except such as they might be permitted to exercise at the pleasure of the constituted authorities of the United States.

The refusal of the court to instruct the jury as requested by the defendant, concerning their authority to determine the law under Gen. Sts. *c.* 172, § 15, was in conformity to the decision of this court in *Commonwealth* v. *Anthes*, 5 Gray, 185.

*Exceptions overruled.**

---

\* A similar decision was made at the same term in the case of COMMONWEALTH *v.* HENRY COUILLARD, in which the same counsel appeared.